# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WILLIAM E. STEPHENSON,

        Plaintiff,

   v.

PARIS WHITNEY HILTON, et al.,

        Defendants.

Case No. 2:17-cv-779
Judge Michael H. Watson
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff William E. Stephenson, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Paris Whitney Hilton, Onika Tanya Maraj (publicly known as, "Nicki Minaj"), and two "unknown male friends." (Doc. 1-1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

## I. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014), (citing

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Id.* (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff is no stranger to litigation in this Court. Including the present case, Plaintiff has filed at least twelve cases pro se and *in forma pauperis* in this district in the last ten years. Of these cases, six were dismissed at the screening stage for being frivolous, three were dismissed upon screening for failure to state a claim for relief, one was dismissed following defendant's motion to dismiss as frivolous, and one Plaintiff dismissed. In short, Plaintiff has made a habit of filing frivolous cases in this Court, and this case is no different.

The central allegation in Plaintiff's Complaint is that Defendants—who are described as being "of celebrity status and within the entertainment industry"—engaged in sexual conduct with Plaintiff, without his consent, at a residence in Canal Winchester, Ohio on an undisclosed date. (Doc. 1-1 at 1–4). According to Plaintiff, "Defendant(s) did "impair the Plaintiff's ability to resist or consent against said sexual conduct" and used "means of deception." (*Id.* at 3). Plaintiff does not elaborate on what "means of deception" were used or how Defendants prevented him from consenting or resting. Further, Plaintiff alleges that "Defendant(s)" used electronic recording devices to record the sexual activity, without Plaintiff's consent, and "released the video recordings via internet causing public disclosure of private facts and placed false light upon Plaintiffs with sexual decisions." (*Id.* at 4–5). Plaintiff seeks punitive damages of $160 million, monetary damages of $60 million from each party, compensatory damages of $11 million, and "aggravated damages" of $18 million. (Doc. 1-1 at 6).

Plaintiff's allegations of rape by celebrities such as Paris Hilton and Nicki Minaj in Canal Winchester, Ohio are the type of fantastic or delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous. *See Carter v. Mueller*, No. CIV.A. 11 1366, 2011 WL 3267940, at *1 (D.D.C. July 27, 2011) (holding that allegations of rape against celebrities such as Oprah Winfrey and President Obama constituted delusional scenarios warranting dismissal); *Kimberly v. Kardashian*, No. 12-CV-1811, 2012 WL 3257857, at *2 (W.D. La. July 9, 2012) (dismissing as frivolous a complaint against former presidential candidate Herman Cain and reality television celebrities Kim and Kourtney Kardashian, holding that such allegations are "often seen in cases filed by mentally ill plaintiffs who believe that entertainers and other celebrities are interacting with them"); *Romano v. Kardashian*, No. CV 12-00109-M-DLC, 2012 WL 2503954, at *1 (D. Mont. June 26, 2012) (dismissing a complaint as frivolous because it contained "implausible

accusations against a number of celebrities" that were "fantastic, delusional, irrational, and frivolous"). These types of allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction." *Carter*, 2011 WL 3267940, at *1. Consequently, because Plaintiff's allegations are premised on irrational allegations, the undersigned finds Plaintiff has failed to state a plausible claim for relief and it is recommended that this action be dismissed as frivolous. *See Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *3 (S.D. Ohio Jan. 31, 2014),

Further, in light of Plaintiff's continued abuse of the court system and his *in forma pauperis* status by filing frivolous lawsuits, Plaintiff is warned that his persistence in submitting frivolous lawsuits may ultimately result in pre-filing restrictions. *See Gyeye v. U.C. Health*, No. 1:13-cv-673, at *13–14 (S.D. Ohio Oct. 6, 2014) (setting forth authority for imposing pre-filing restrictions on vexatious litigators).

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint as frivolous.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: September 11, 2017 /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE