# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

William E. Stephenson,

    Plaintiff,

v.                                              Case No. 2:17-cv-779

Paris Whitney Hilton, *et al.*,        Judge Michael H. Watson

    Defendants.                  Magistrate Judge Jolson

## OPINION AND ORDER

William E. Stephenson ("Plaintiff") sues Paris Hilton, Nicki Minaj, and two "unknown male friends" (collectively, "Defendants") under state law for invasion of privacy, intentional infliction of emotional distress, and "infringement of personal rights." Plaintiff's *pro se* Complaint alleges that Defendants traveled to a house in Canal Winchester, Ohio, used "means of deception" to prevent Plaintiff from resisting, and then engaged in sexual intercourse with Plaintiff without his consent. Compl. ¶¶ 7–8, 14, ECF No. 3. Plaintiff further alleges that Defendants recorded said sexual conduct and released the recordings on the internet. *Id.* ¶¶ 21, 30. Plaintiff seeks almost $430 million dollars in damages.

Magistrate Judge Jolson conducted an initial screen of this case pursuant to 28 U.S.C. § 1915(e)(2) and issued a report and recommendation ("R&R") recommending the Court dismiss the Complaint as frivolous. The R&R concluded that the Complaint lacked an arguable basis in fact. R&R 3, ECF No. 4. Plaintiff has timely objected to the R&R.

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Pursuant to that rule, the undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff objects to the R&R's conclusion that the Complaint lacks an arguable basis in fact. He contends on objection that Paris Hilton and Nicki Minaj were seen by witnesses coming into his housing unit, were observed by witnesses leaving the Columbus airport, that Defendants' cell phone data will show that they were with Plaintiff, and that Defendants "were drinking" with Plaintiff before he became impaired. Obj. 2, ECF No. 5. Plaintiff argues further that Paris Hilton was in disguise wearing a brunette wig, no makeup, and a jogging suit so that she would not be recognized. *Id.* at 3. He also states that Defendants used a strip club on Brice Road in Columbus, Ohio "as back up story" and says that one of Defendants' "guests" was killed on the night in question. *Id.* at 5. Plaintiff argues that the Court should accept all well pleaded factual allegations[1] as true. *Id.* at 2.

Further, Plaintiff distinguishes this case from the eleven other cases that Plaintiff has filed in this district in the past ten years, contending that those cases were dismissed because he insisted on recovering damages that were precluded

---

[1] None of the aforementioned "allegations" was contained in the Complaint.

under the Eleventh Amendment. Because Defendants are not state officials, he argues, the Eleventh Amendment is no bar to this lawsuit. *Id.* at 4. Plaintiff seeks discovery to uncover evidence to support his allegations. *Id.* at 5.

Plaintiff's objections are not well taken. Plaintiff has not contested the legal standards applied by Magistrate Judge Jolson in the R&R and rather argues only that the facts alleged in his Complaint are plausible. Upon *de novo* review, the Court respectfully disagrees. Plaintiff's objection is **OVERRULED**, the R&R is **ADOPTED AND AFFIRMED**, and the case is **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**